FILED
United States Court of Appeals
Tenth Circuit

May 30, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANTONIO DELOSSANTOS,

      Defendant-Appellant.

No. 11-6318

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:11-CR-140-D)**

---

William P. Earley, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Sanford C. Coats, United States Attorney (Suzanne Mitchell and André B. Caldwell with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.[*]

---

**BALDOCK**, Circuit Judge.

---

      Pursuant to 18 U.S.C. § 922(g), a convicted felon may not possess a firearm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Meanwhile, the Armed Career Criminal Act (ACCA) mandates a 15-year minimum term of imprisonment for "a person who violates section 922(g) . . . and has three previous convictions . . . for a . . . serious drug offense . . . committed on occasions different from one another." Id. § 924(e)(1). Defendant Antonio de los Santos pled guilty to the offense of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Before sentencing, the Government filed notice of its intent to seek an enhanced sentence under the ACCA based on Defendant's four prior convictions for serious drug offenses. These included one conviction for possession of cocaine with intent to distribute on or about November 10, 1992, and three convictions for distribution of cocaine occurring on or about November 2, 1992, November 16, 1992, and November 24, 1992. Defendant objected, arguing that each of these convictions arose from a single criminal episode and thus should be treated as a single conviction for purposes of § 924(e)(1). The district court orally overruled Defendant's objection to the Government's ACCA notice and sentenced him accordingly. The district court concluded the offenses involved were sufficiently separate and distinct. Specifically, the district court stated Defendant had a meaningful opportunity to cease his criminal conduct, but did not do so. Defendant appealed. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.

I.

On appeal, Defendant does not challenge whether his convictions qualify as "serious drug offenses" under the ACCA. Rather, he challenges *only* whether the

2

four convictions were "committed on occasions different from one another." We review a sentence enhancement imposed under the ACCA de novo. United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997). "The government carries the burden of proving by a preponderance of the evidence that an enhancement is appropriate." Id.

## II.

Congress' use of the phrase "committed on occasions different from one another" "was intended to reach multiple criminal episodes distinct in time." United States v. Tisdale, 921 F.2d 1095, 1098–99 (10th Cir. 1990). We interpreted that phrase in Johnson, 130 F.3d at 1430, where a defendant objected to the Government's use of certain convictions on the ground that the offenses "were part of the same course of conduct or common scheme or plan." In that case, the defendant had committed controlled substances offenses in Wichita Falls, Texas, on March 23, March 26, and August 26, 1993. Id. We held that where a defendant commits drug offenses at "distinct, different times," we will treat those offenses "as separate predicate offenses for purposes of § 924(e)(1)." Id. at 1431.

Defendant contends this case is distinguishable from Johnson because, unlike the defendant in Johnson, Defendant was not on a street selling cocaine to anyone who approached him. Defendant posits the drug offenses in this case were not only committed close in time, but also tied together legally and factually by a sting operation that anticipated each of the acts occurring after the initial purchase on

3

November 2, 1992.[1]  Moreover, Defendant asserts the offenses are related by way of charge and conviction, geographically, by mode of operation, by the individuals involved in the illegal activity, by the criminal objectives, and temporally.  In other words, Defendant argues we *could not* conclude Defendant committed one crime and made a subsequent conscious decision to commit another crime.

We disagree.  Defendant's criminal conduct in 1992 was not a single criminal episode.  The Fourth Circuit addressed a similar argument in United States v. Letterlough, 63 F.3d 332 (4th Cir. 1995).  In that case, the defendant sold a single

---

[1]  In making this argument, Defendant relies upon the Presentence Investigation Report (PSR).  The Government contends Defendant's reliance on the PSR is not permitted under the modified categorical approach.  See Johnson v. United States, 130 S. Ct. 1265, 1273 (2010) (The so-called "modified categorical approach" allows a court "to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.").  Defendant, on the other hand, contends "[i]t is beyond dispute the sentencing court may rely on the charging document pursuant to Shepard v. United States, 544 U.S. 13 (2005)."  The Government is correct that in determining whether a prior offense is a violent felony or a serious drug offense under the ACCA, it is not proper to consider the PSR. United States v. Rooks, 556 F.3d 1145, 1148 n.4 (10th Cir. 2009).  But that is not the situation we face here.  Defendant does not challenge his convictions as serious drug offenses under the ACCA.  He instead challenges whether those convictions were a single occurrence or separate and distinct.  "Absent an objection to the PSR, the district court may accept any undisputed portion of the presentence report as a finding of fact . . . Thus, the district court could properly rely on the PSR to conclude that his prior crimes were separate [under the ACCA]." United States v. Harris, 447 F.3d 1300, 1306 (10th Cir. 2006) (citations and internal quotation marks omitted).  Because the Government did not object to the accuracy of the PSR, Defendant is correct we may look to the undisputed facts in the PSR to determine whether Defendant's crimes were separate and distinct.

4

dose of crack cocaine to an undercover police officer at 8:35 p.m. Id. at 334. At 10:15 p.m. that same evening, the defendant sold another single dose of crack cocaine at the same location to the same police officer. Id. The court stated the two drug sales, "although perhaps occurring pursuant to a master plan to sell crack cocaine as a business venture, can hardly be said to constitute a single occasion." Id. at 337. The court further stated the time between the two purchases allowed the defendant "the opportunity to make a conscious and knowing decision to engage in another drug sale." Id.

The Letterlough court likewise stated the law enforcement officer's decision not to arrest the defendant after the first sale did not prevent the court from concluding the drug sales were separate occasions. Id. Like the defendant in Letterlough, Defendant in this case "would like to assign some culpability for the [subsequent] sale[s] to the undercover officer who purchased the drugs." Id. Defendant argues because the undercover officer was introduced to Defendant during the initial purchase, the additional sales would not have occurred had the introduction and sale not taken place. Because of this introduction, law enforcement continued to operate a sting that anticipated additional purchases of cocaine. Regardless, the responsibility for the crime "falls squarely" on Defendant. Id.; see also United States v. Roach, 958 F.2d 679, 683–84 (6th Cir. 1992) (concluding two drug sales made to the same undercover agent over a span of 15 days were not a single criminal episode). We agree with the Fourth Circuit that disregarding

5

additional criminal conduct merely because the government allowed Defendant to engage in that conduct "would force officers to arrest all evildoers as soon as they see a crime committed; [which] would destroy large scale police 'sting' operations and undercover infiltrations." Id. In between each of the drug offenses, Defendant had a meaningful opportunity to cease his illegal conduct.[2] He made the decision to continue engaging in criminal activity rather than refusing to sell to the undercover officer on each subsequent occasion. Accordingly, no single criminal episode existed in this case because each violation occurred at distinct, different times.[3]

---

[2] Defendant urges us to apply United States v. Beckstrom, 647 F.3d 1012 (10th Cir. 2011), a case in which we considered the single criminal episode rule in the context of a sentencing enhancement under 21 U.S.C. §§ 841(a) and 851. We have not applied Beckstrom in an ACCA case. Assuming, without deciding, Beckstrom is applicable in this case, we still must affirm Defendant's sentence. In Beckstrom, we stated a conviction arises from a separate criminal episode when three requirements are met. Beckstrom, 647 F.3d at 1018. The second conviction must arise from a distinct criminal act; the two criminal episodes must have occurred at distinct times; and the defendant must have had an opportunity to discontinue his involvement in the drug related activity. Id. Here, as discussed above, each of these criteria is met.

[3] Defendant argues we should look to United States v. Robinson, 187 F.3d 516 (5th Cir. 1999) and United States v. Breckenridge, 2000 WL 1086786 (4th Cir. Aug. 4, 2000) (unpublished), two cases which address whether prior convictions are "related" under the United States Sentencing Guidelines (USSG). USSG § 4A1.2 instructs courts how to count multiple prior sentences when computing criminal history points. Defendant asserts we may consider cases involving the USSG in deciding an ACCA case. "Because of the similarity in language between the ACCA and the USSG, we have occasionally looked to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony." United States v. Hernandez, 568 F.3d 827, 830 n.3 (10th Cir. 2009). But we cannot apply that principle in this case. Whether a case is "related" under the USSG "is broader than the category of cases in which the prior offenses will be

(continued...)

6

Defendant's sentence is AFFIRMED.

---

[3](...continued)
deemed to have occurred on the same occasion for purposes of the ACCA." United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998); see also Brown v. United States, 636 F.3d 674, 676 (2d Cir. 2011) (concluding reliance on § 4A1.2 in the ACCA context is misplaced); United States v. Medina-Gutierrez, 980 F.2d 980, 983 (5th Cir. 1992) (stating whether offenses are considered "related" under § 4A1.2 is irrelevant in the ACCA context); United States v. Maxey, 989 F.2d 303, 307 (9th Cir. 1993) (declining to apply § 4A1.2 case law to an ACCA enhancement because the two provisions do not relate); cf. United States v. Harris, 369 F.3d 1157, 1168 (10th Cir. 2004) (rejecting the application of § 4A1.2 in determining whether convictions are separate pursuant to 21 U.S.C. § 841(b)(1)(A)); United States v. De Jesus Mateo, 373 F.3d 70, 74 (1st Cir. 2004) ("Whether prior convictions count for purposes of 21 U.S.C. § 841(b)(1)(A) is a matter of statutory construction, not Guideline application.").