FILED
United States Court of Appeals
Tenth Circuit

January 24, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

ERIC EUGENE TURNER,

  Defendant-Appellant.

No. 12-6155
(D.C. No. 5:11-CR-00310-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL,** and **HARTZ**, Circuit Judges.

Mr. Turner appeals his sentence on the basis that the district court erred in

applying the enhanced penalty provision of the Armed Career Criminal Act ("ACCA").

We conclude that the district court did not err in applying the ACCA, and we therefore

affirm Mr. Turner's sentence.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Mr. Turner pled guilty to one count of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The presentence report ("PSR") identified four drug-trafficking offenses as predicate offenses for purposes of the enhanced penalty provision of the ACCA. These convictions were for distribution of a controlled substance, and they resulted from Mr. Turner selling crack cocaine to a confidential informant on July 8, 2002, twice on July 31, 2002, and again on September 9, 2002. Mr. Turner pled guilty to and was sentenced on all four convictions at the same time.

Mr. Turner objected to application of the ACCA on the basis that these prior convictions should be considered one criminal episode. The district court overruled Mr. Turner's objections and sentenced Mr. Turner to a term of imprisonment of 180 months, which was the mandatory minimum required under the ACCA. See 18 U.S.C. § 924(e)(1). Mr. Turner filed a timely Notice of Appeal.

The United States District Court for the Western District of Oklahoma had jurisdiction pursuant to 18 U.S.C. §3231. This court has jurisdiction to consider this appeal pursuant to 28 U.S.C. §1291.

**DISCUSSION**

**I. Standard of Review**

"We review a sentence enhancement imposed under the ACCA de novo." United States v. Delossantos, 680 F.3d 1217, 1219 (10th Cir. 2012). "The government carries

the burden of proving by a preponderance of the evidence that an enhancement is appropriate." Id. (internal quotation marks omitted).

## II. Under the ACCA, Mr. Turner's Previous Convictions Were Committed on Occasions Different from One Another

The applicable provision of the ACCA states as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). On appeal, Mr. Turner does not challenge whether his convictions qualify as "serious drug offenses"; instead, he argues that the convictions were not "committed on occasions different from one another." His argument is foreclosed by this court's precedent.

"[W]e have analyzed § 924(e)(1) on numerous occasions and adopted the view, which is shared by most other circuits, that the statutory reference to offenses 'committed on occasions different from one another' was intended to reach multiple criminal episodes distinct in time." United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997) (internal quotation marks omitted). Accordingly, we have held "that drug offenses committed at distinct, different times will be treated as separate predicate offenses for purposes of § 924(e)(1)." Id. at 1431 (internal quotation marks omitted) (concluding that a defendant had committed three separate offenses when he sold crack cocaine to an undercover officer on three occasions over multiple months).

3

Applying this rule, in United States v. Delossantos, we rejected the same arguments that Mr. Turner makes in this appeal. See 680 F.3d at 1220. In Delossantos, the defendant's PSR identified four predicate convictions under the ACCA based on four occasions during one month where the defendant sold drugs to an undercover officer as part of a sting operation. See id. at 1218-20. The defendant in Delossantos claimed that these offenses were part of a single criminal episode. See id. at 1219. Specifically, in language very similar to Mr. Turner's, the defendant in Delossantos argued that "the drug offenses . . . were not only committed close in time, but also tied together legally and factually by a sting operation that anticipated each of the acts occurring after the initial purchase," and that "the offenses [we]re related by way of charge and conviction, geographically, by mode of operation, by the individuals involved in the illegal activity, by the criminal objectives, and temporally." Id. at 1219-20.

In Delossantos, we rejected the defendant's arguments and concluded that "[i]n between each of the drug offenses, Defendant had a meaningful opportunity to cease his illegal conduct," but "[h]e made the decision to continue engaging in criminal activity rather than refusing to sell to the undercover officer on each subsequent occasion." Id. at 1220. Similarly, we reject Mr. Turner's arguments.[1] Like the defendant in Delossantos,

---

[1] Mr. Turner urges this court to apply United States v. Beckstrom, 647 F.3d 1012 (10th Cir. 2012). The holding in Beckstrom does not involve the ACCA; it involves a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A). Id. at 1017-20. "We have not applied Beckstrom in an ACCA case." Delossantos, 680 F.3d at 1220 n.2. And even if we were to apply Beckstrom, we would affirm Mr. Turner's sentence because, as in

Continued . . .

4

Mr. Turner could have ceased his illegal conduct at any time but instead made the

decision to sell drugs to the confidential informant on each occasion. Thus, "no single

criminal episode existed . . . because each violation occurred at distinct, different times."[2]

See id. at 1220.

---

Delossantos, Mr. Turner's predicate convictions meet the three requirements articulated in Beckstrom—they arose from distinct criminal acts, they occurred at distinct times, and the defendant had an opportunity to discontinue his involvement in the criminal activity. See id.

      Mr. Turner also argues that the court should apply the holdings in United States v. Robinson, 187 F.3d 516 (5th Cir. 1999) and United States v. Breckenridge, 229 F.3d 1144 (4th Cir. 2000) (unpublished). Again, these two cases do not involve the ACCA. They address whether prior convictions are related under the United States Sentencing Guidelines ("U.S.S.G.")—specifically, U.S.S.G. § 4A1.2. We have previously rejected the argument that these holdings should be applied to the ACCA. Delossantos, 680 F.3d at 1220 n.3 ("Whether a case is 'related' under the USSG is broader than the category of cases in which the prior offenses will be deemed to have occurred on the same occasion for purposes of the ACCA.").

[2] In making his argument that the offenses are part of a single criminal episode, Mr. Turner contends that "two of the sales were made on the same day literally within minutes of one another." The district court concluded that "even if those [events] were somehow not distinct, we're still left with three" predicate offenses under the ACCA. We agree. Accordingly, we need not address the question whether both offenses occurring on the same day were "committed on occasions different from one another." See 18 U.S.C. § 924(e)(1).

**CONCLUSION**

For the foregoing reasons, we conclude that the district court did not err in applying the sentence enhancement under the ACCA. Accordingly, we AFFIRM Mr. Turner's sentence.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge