**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 13-2050 |
| | (D.Ct. No. 2:12-CR-02315-JGC-1) |
| PAUL SANCHEZ, | (D. N.M.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Paul Sanchez pled guilty to one count of escape from government custody in violation of 18 U.S.C. § 751(a). He now appeals his sentence on

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grounds the district court improperly applied a five-level sentencing enhancement for making a threat of force against another after he escaped a halfway house. In support of his argument, he claims the district court inappropriately relied on hearsay in determining he made such a threat and improperly considered his escape to be a continuing offense. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Sanchez's sentence.

## I. Factual and Procedural Background

On January 9, 2006, Mr. Sanchez received a seventy-two-month sentence for distribution of cocaine. After serving six years in a federal prison, authorities transferred him to a halfway house in Las Cruces, New Mexico, to serve out his sentence. On March 24, 2012, Mr. Sanchez signed out for work but did not return. Two days later, United States Marshals interviewed his ex-girlfriend, Ms. Smith, who stated Mr. Sanchez contacted her, stating he was drunk and asking for a ride to a local motel to sleep it off; she explained she drove him there but had not since heard from him. At the motel, the marshals learned Ms. Smith had paid for his room and Mr. Sanchez left the next day. On further inquiry, Ms. Smith admitted she paid for the room but she had not told them more because she was afraid of Mr. Sanchez hurting her. She then played for them a voice mail message from Mr. Sanchez, telling her to help him leave town or he would "burn her shop down." The parties agree this message came two days after she dropped Mr. Sanchez at the motel. The marshals arrested Mr. Sanchez several weeks later in

-2-

Carlsbad, New Mexico.

Following the district court's acceptance of Mr. Sanchez's guilty plea agreement, a probation officer prepared a presentence report, calculating his sentence under the applicable 2012 United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The probation officer set Mr. Sanchez's base offense level at 13, pursuant to U.S.S.G. § 2P1.1, for his escape offense and increased it five levels, pursuant to U.S.S.G. § 2P1.1(b)(1), for his threat of force against Ms. Smith. He then reduced the five-level offense increase by four levels under U.S.S.G. § 2P1.1(b)(3), because his escape involved his leaving a non-secure halfway house, and further reduced his offense level by two levels for acceptance of responsibility, resulting in a total offense level of 12. An offense level of 12, together with a criminal history category of VI, resulted in a recommended Guidelines range of thirty to thirty-seven months imprisonment.

Mr. Sanchez filed a sentencing memorandum, objecting only to the five-level increase in his offense level in conjunction with § 2P1.1(b)(1) for threat of force during his escape, claiming he never threatened Ms. Smith and she exaggerated the truth when speaking to the authorities. He also requested a variant sentence of twelve months, contending his criminal history over-represented the seriousness of his past criminal conduct and pointing to his personal history and characteristics, including his unstable childhood.

At sentencing, Mr. Sanchez's counsel again objected to the five-level

offense increase but explained an evidentiary hearing might not be warranted, stating, "[w]hat I can proffer to the Court is that on the 24th of March of last year Ms. Smith gave a ride to Mr. Sanchez away from the ... Halfway House. Subsequent to that time, Ms. Smith received a recording in her voice mail of a threatening nature from Mr. Sanchez." His counsel then argued the five-level increase should not apply for this threat because he did not make the threat to achieve escape, which had already occurred when he left the halfway house, and because he did not threaten someone at the halfway house to aid in his escape.

In overruling the objection, the district court determined "escape" is a continuing offense; Mr. Sanchez clearly threatened Ms. Smith; and U.S.S.G. § 2P1.1(b)(1) covers any threat made during an ongoing escape, including the one he made to gain her assistance while at large. After hearing Mr. Sanchez's allocution, the district court imposed a below-Guidelines-range sentence of twenty months incarceration in conjunction with the 18 U.S.C. § 3553(a) sentencing factors.

## II. Discussion

In his appeal, Mr. Sanchez continues to claim the district court improperly applied a five-level sentencing enhancement under U.S.S.G. § 2P1.1(b)(1) for making a threat of force against another during his escape. In support, he continues to argue the district court improperly considered his escape to be a continuing offense and, for the first time on appeal, contends it inappropriately

relied on hearsay contained in the presentence report, which included the erased voice mail tape and the statements of marshals on its content who were not available to testify at the sentencing hearing. The government opposes the appeal.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802-03, 805 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component ... as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. Procedural reasonableness addresses, in part, whether the district court incorrectly calculated the Guidelines sentence and relied on clearly erroneous facts. *See United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). In determining whether the district court properly calculated a defendant's sentence, we generally review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*).

Applying these principles, we must determine if the district court improperly calculated Mr. Sanchez's sentence by applying the five-level enhancement under § 2P1.1(b)(1), thereby affecting the calculation of his Guidelines range and resulting in a procedurally unreasonable sentence. Section 2P1.1, titled "Escape, Instigating or Assisting Escape," recommends an offense level increase of five "[i]f the use or the threat of force against any person was

involved." U.S.S.G. § 2P1.1(b)(1). Both we and the Supreme Court have held "escape" is a continuing offense until the escapee is returned to custody. *See United States v. Bailey*, 444 U.S. 394, 413 (1980); *United States v. Brown*, 314 F.3d 1216, 1224 (10th Cir. 2003). As such, Mr. Sanchez was still in the course of committing the offense of escape when he contacted and threatened Ms. Smith. This is particularly applicable, not only because escape is considered a continuing offense while Mr. Sanchez remained at large, but because, in this instance, he not only asked Ms. Smith to help him leave the halfway house but called her again to help him continue his escape in leaving the city of Las Cruces, where he must have known authorities were looking for him. As a result, our de novo review establishes the district court made the proper legal conclusion with respect to the ongoing nature of Mr. Sanchez's escape.

As to the hearsay evidence supporting Mr. Sanchez's threat of force against Ms. Smith, we note Mr. Sanchez and his counsel did not object to such hearsay evidence as contained in the presentence report nor make a contemporaneous objection after the district court discussed the hearsay nature of the evidence supporting the threat of force enhancement. While we review a district court's legal conclusions de novo and its factual findings for clear error, *see Kristl*, 437 F.3d at 1054, we review for plain error when, like here, a defendant fails to raise an argument in the district court, *see United State v. Ventura-Perez*, 666 F.3d 670,

674 (10th Cir. 2012).[1]

However, regardless of whether we apply clear or plain error review, Mr. Sanchez cannot prevail. First, the circumstances surrounding the voice mail, including the marshals' verification of the threat to Ms. Smith after listening to the recording, were in the presentence report, to which Mr. Sanchez did not object. Further, at the sentencing hearing, his counsel suggested an evidentiary hearing was unnecessary based on a proffer that two days after giving Mr. Sanchez a ride to the motel, "Ms. Smith received a recording in her voice mail of a threatening nature from Mr. Sanchez." A sentencing court may rely on a wide array of relevant information, including hearsay evidence containing a minimal indicia of reliability, *see United States v. Browning*, 61 F.3d 752, 755 (10th Cir. 1995), as well as un-objected-to facts in a presentence report, *see United States v. Delossantos*, 680 F.3d 1217, 1219 n.1 (10th Cir. 2012). Accordingly, while the threat on the erased voice mail, as verified by unavailable marshals, may constitute hearsay evidence, Mr. Sanchez's failure to object to such evidence in the presentence report, together with his counsel's verification such a threat was made, gives it the requisite indicia of reliability for the district court to rely on it for the purpose of applying the five-level enhancement. As a result, the district

---

[1] To establish plain error, the defendant has the burden of establishing: (1) an error occurred; (2) that was plain; and (3) which affected his substantial rights. *Id.* If these conditions are met, he must show the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Ventura-Perez,* 666 F.3d at 674.

court reasonably concluded Mr. Sanchez made a threat of force during his ongoing or continuing escape, supporting a five-level enhancement under U.S.S.G. § 2P1.1(b)(1). Because the district court properly calculated Mr. Sanchez's sentence and sentenced him within the applicable Guidelines range, his sentence is presumptively reasonable, and he has not otherwise rebutted this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1053-54.

### III. Conclusion

For these reasons, we **AFFIRM** Mr. Sanchez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge