**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC EUGENE TURNER,

    Defendant - Appellant.

No. 15-6081
(D.C. Nos. 5:14-CV-01107-HE and
5:11-CR-00310-HE-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Eric Eugene Turner, a federal prisoner proceeding pro se, seeks to appeal from the

district court's denial of his 28 U.S.C. § 2255 motion for habeas relief from his sentence.

Turner requests a certificate of appealability ("COA") and leave to proceed *in forma*

*pauperis* ("IFP") on appeal. For the reasons stated below, we DENY his request for a

COA, deny his motion to proceed IFP, deny his request for the appointment of counsel on

appeal, and DISMISS this matter.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 2014, Turner pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because he qualified as an armed-career offender under § 924(e), he was sentenced to serve 180 months of imprisonment, the mandatory minimum. He qualified as an armed-career criminal because he had three or more earlier convictions for "serious drug offenses" as defined by 18 U.S.C. § 924(e)(2). On direct appeal, Turner had challenged his enhanced sentence under the ACCA, contending that his drug convictions should not count separately because—in his view— they were really one criminal episode. We rejected this argument in *United States v. Turner*, 508 F. App'x 763 (10th Cir.) (unpublished), *cert. denied*, 134 S. Ct. 355 (2013).

After the Supreme Court denied certiorari, Turner filed a pro se motion seeking habeas relief under 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma. The district court denied his motion for habeas relief. It also denied his request for a COA because it concluded that Turner did not make "a substantial showing of the denial of a constitutional right." R. vol. I at 73 (quoting 28 U.S.C. § 2253(c)(2)). In addition, it denied Turner's request to stay the case pending the Supreme Court's decision in *Johnson v. United States*, 134 S. Ct. 1871 (2014). Finally, it denied his request for leave to appeal *in forma pauperis*. Turner timely appealed.[1]

Now, in his Application for a Certificate of Appealability, Turner raises three issues: (1) that the district court abused its discretion by refusing to stay his case pending the

---

[1] Because Turner proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Lewis v. C.I.R.*, 523 F.3d 1272, 1273 n.2 (10th Cir. 2008).

Supreme Court's decision in *Johnson*; (2) that the district court committed clear error and abused its discretion at sentencing by imposing the enhanced sentence despite the government's not having provided "*Shepard* documents"; and (3) that his trial and appellate counsel provided ineffective assistance of counsel for failing to object at sentencing, or to raise on direct review, that the government never established its burden of proof to enhance his sentence under the Armed Career Criminal Act ("ACCA"). We deny his request for a COA.

## II.   DISCUSSION

We must address the jurisdictional prerequisite of whether to grant Turner a COA on his claims before we can reach the merits. 28 U.S.C. § 2253(c)(1)(B); *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011). We will issue a COA only "if the [movant] has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A movant can satisfy this standard by demonstrating that "reasonable jurists could debate whether . . . the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Tony*, 637 F.3d at 1157 (omission in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We now turn to Turner's arguments.

### A. *Johnson* Claim

Turner argues that the district court abused its discretion by denying his request to stay his habeas motion pending the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Ultimately, *Johnson* held that the residual clause of 18

U.S.C. § 924(e)(3)(A) is unconstitutionally vague. *Id.* at 2563; *see also* § 924(e)(2). The district court denied Turner's request because the provision at issue in *Johnson*, 18 U.S.C. § 924(e)(2)(B)(ii), "is not pertinent here." R. vol. I at 73. We agree. Turner was convicted under § 924(e)(1) based on three earlier convictions for "serious drug offense[s]" under § 924(e)(2)(A). The district court was correct that the Supreme Court's decision in *Johnson* addressed an issue not relevant to Turner's conviction. Thus, Turner has failed to make a substantial showing that he was denied a constitutional right and we deny him a COA on this claim.

### B. *Shepard* Documents

Turner contends that the district erred by sentencing him under the ACCA without requiring that the government submit "*Shepard* documents"—referencing *Shepard v. United States*, 544 U.S. 13 (2005)—to prove that his earlier drug convictions met the requirements for "serious drug offenses" as defined under § 924(e)(2)(A). Here, we note that Turner has provided us nothing even suggesting that the state drug statute had subparts—one qualifying as a "serious drug offense" (drug trafficking with a maximum sentence of five years or more), and another that did not qualify (drug trafficking with a maximum sentence less than five years, or drug possession).

Turner neither objected at his sentencing on this ground nor pursued it on direct appeal. Accordingly, he is procedurally barred from raising the issue in his application for a COA. *See, e.g.*, *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (refusing to consider an argument in a COA application that was not raised in the district court); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (stating that under

4

procedural default principles, § 2255 motions "are not available to test the legality of matters which should have been raised on direct appeal." (citing *United States v. Frady*, 456 U.S. 152 (1982))).

In addition, he fails to recognize the importance of the PSR on his present claim. In Turner's PSR, we see four drug trafficking convictions with specified conduct: (1) on October 14, 2003, he was sentenced in Oklahoma state court to 20 years of imprisonment, the remainder suspended on August 27, 2009—"on July 31, 2002, the defendant sold 0.8 grams of crack cocaine valued at $80.00 to a confidential informant"; (2) the same day, he received the same sentence—"on July 31, 2002, the defendant sold 1.7 grams of crack cocaine valued at $100.00 to a confidential informant"; (3) that same day he received the same sentence—"on July 8, 2002, the defendant sold $40.00 worth of crack cocaine to a confidential informant"; and (4) that same day he received the same sentence—"on September 9, 2002, the defendant sold crack cocaine valued at $60.00 to a confidential informant." R. vol. I at 43–46.

We note that Turner did not object to the facts contained in the PSR's recitation of his drug trafficking felonies. Those facts—showing distribution, not possession, and showing a maximum sentence greater than five years—establish the appropriateness of characterizing all four convictions as "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii). Having failed to object to the PSR's facts underlying his earlier drug felonies, Turner is in no position to do so now. *See United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) ("Criminal Procedure Rule 32 requires the defendant to affirmatively point out any fact in the PSR that he contends is inaccurate. Absent an

5

objection to the PSR, the district court may accept any undisputed portion of the [PSR] as a finding of fact," and "[t]hus, the district court could properly rely on the PSR to conclude that his prior crimes were separate [under the ACCA]."). Again, we conclude that Turner has failed to make a substantial showing that he was denied a constitutional right, and so we deny him a COA on this claim.

### C. Ineffective Assistance of Counsel

Turner argues that his trial, and later appellate, counsel provided ineffective assistance of counsel by failing to object to the lack of "*Shepard* documents" at the sentencing hearing, and by failing to raise the issue on direct appeal. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, Turner must first "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1985). Second, Turner must prove prejudice by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Turner must satisfy both prongs to succeed on his ineffective assistance of counsel claim, the court may consider them in either order and need not address both "if the defendant makes an insufficient showing in one." *Id.* at 697.

Turner contends that he was prejudiced by his counsel's failure to demand that the government put forth *Shepard* documentation proving the predicate drug convictions underlying the ACCA. In view of his admitted conduct underlying his earlier drug convictions, neither "*Shepard* documents" nor anything else would matter. Nor do we believe that any failure to demand "*Shepard* documents" was a substandard performance

6

by his attorney. In an abundance of caution, the PSR author advised the court, counsel for the parties, and Turner himself that *Shepard* had been accounted for and ruled out as a valid issue:

> The probation officer has reviewed one or more approved documents articulated in *Shepard v. U.S.*, 544 U.S. 13 (2005) in making this designation. The documents are available for review by the court or counsel, if requested.

R. vol. I at 43–46. Turner offers nothing upon which we might believe his attorney did not accept the probation officer's offer to review the records from his earlier drug convictions. But doing so, or not doing so, would not have helped Turner. His earlier drug convictions were for drug trafficking and punishable for more than five years.

In view of this, we once again must conclude that Turner has failed to make a substantial showing that he was denied a constitutional right, and so we deny him a COA on this final claim.

### III.   CONCLUSION

In sum, we deny Turner's request for a COA and dismiss this matter. We also deny his motion to proceed IFP because he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). Finally, we deny Turner's request for the

appointment of counsel on appeal.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge