**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN ANTONIO COLLAZO,

Defendant - Appellant.

No. 16-5094
(D.C. Nos. 4:16-CV-00264-GKF-FHM
and 4:11-CR-00117-GKF-1)
(N.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK,** and **McHUGH**, Circuit Judges.

Juan Antonio Collazo challenges the district court's orders denying his motion

under 28 U.S.C. § 2255 and denying a certificate of appealability (COA) under 28 U.S.C.

§ 2253(c)(1)(B). He also requests leave to proceed *in forma pauperis* (IFP) on appeal.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Collazo's

request for a COA and his motion to proceed IFP. We therefore dismiss the appeal.

## I.    BACKGROUND

On August 1, 2011, a grand jury returned an indictment charging Mr. Collazo with

one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

§§ 922(g)(1) and 924(e)(1). Mr. Collazo pled guilty and was sentenced to 180 months' imprisonment.

On May 9, 2016, Mr. Collazo filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Mr. Collazo was sentenced under the Armed Career Criminal Act (ACCA) and because the Supreme Court held the residual clause of the ACCA unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Collazo argued he should be resentenced. On June 1, 2016, the district court concluded Mr. Collazo's sentence was not based on the ACCA's residual clause; it was based on his four prior convictions for "serious drug offense[s]." Accordingly, the district court concluded Mr. Collazo "is not entitled to relief under *Johnson*" and denied his motion. The district court also denied Mr. Collazo's request for a COA and denied Mr. Collazo's request to proceed IFP on appeal. Mr. Collazo timely filed a notice of appeal on June 17, 2016.

## II. ANALYSIS

A prisoner challenging a district court's denial of habeas corpus relief under 28 U.S.C. § 2255 must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Collazo has failed to make the required showing here, we deny his application for a COA.

2

Mr. Collazo first reasserts that his sentence must be reduced under *Johnson v. United States*, 135 S. Ct. 2551 (2015). But, in *Johnson*, the Supreme Court held the residual clause of the ACCA was unconstitutionally vague, *id.* at 2563, and Mr. Collazo was not sentenced under the ACCA's residual clause. Mr. Collazo qualified for an enhanced sentence under a separate provision of the ACCA because he had four prior convictions for "serious drug offense[s]." *See* 18 U.S.C. § 924(e)(1). We have previously concluded *Johnson* "is not pertinent" to such cases. *United States v. Turner*, 624 F. App'x 624, 626 (10th Cir. 2015) (unpublished). Similarly here, *Johnson* does not provide a basis to reduce Mr. Collazo's sentence.

As an alternative to his argument under *Johnson*, Mr. Collazo maintains the district court at sentencing "misidentified the nature of the prior predicate convictions." In particular, Mr. Collazo argues the prior convictions used for ACCA purposes were not based on separate events and therefore could not provide the requisite number of prior convictions under § 924(e)(1). Even if we accept this argument and assume the district court incorrectly treated Mr. Collazo's prior convictions as separate events, Mr. Collazo may not raise this argument now. The district court entered final judgment in Mr. Collazo's criminal case on April 12, 2012. Mr. Collazo had one year from that date to assert a habeas challenge to his sentence. 28 U.S.C. § 2255(f). He did not do so. Mr. Collazo filed the present case under § 2255(f)(3), which allows a prisoner to file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But this

3

provision permits only Mr. Collazo's claim under *Johnson*. And *Johnson* does not affect the separateness of Mr. Collazo's prior convictions. Mr. Collazo may not use *Johnson* as a license to raise all possible challenges to his sentence that could have been raised in an earlier § 2255 application. Accordingly, Mr. Collazo's separateness claim is time-barred.

Finally, Mr. Collazo seeks permission to proceed IFP on appeal. To succeed on such a motion, "an appellant must show a financial inability to pay the required filing fees." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a)). Here, Mr. Collazo concedes he has approximately $1,500.00 in his prison account. The district court concluded that "[w]ith this balance, . . . [Mr. Collazo] has sufficient funds to afford the filing of an appeal." We agree and thus deny Mr. Collazo's motion.

## III.   CONCLUSION

Because reasonable jurists would not find the district court's assessment of Mr. Collazo's claims debatable or wrong, we deny Mr. Collazo's request for a COA and his motion to proceed IFP on appeal, and we DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4