**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHAD WALLACE BROWN,
a/k/a Chad Johnson,

    Defendant - Appellant.

No. 16-6373
(D.C. No. 5:15-CR-00226-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

    Chad Brown pled guilty to being a felon in possession of a firearm, which

normally carries a maximum sentence of 10 years in prison. 18 U.S.C. § 924(a)(2).

The Armed Career Criminal Act (ACCA) sets a 15-year minimum sentence if a

defendant has three prior convictions for a violent felony, a serious drug offense, or

both, committed on different occasions. § 924(e)(1). Mr. Brown's criminal history

includes two prior convictions for distributing a controlled substance and a prior

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

conviction under Okla. Stat. tit. 21 § 645 for assault and battery with a dangerous weapon. Based on these convictions, the district court applied the ACCA and sentenced him to 15 years in prison.

Mr. Brown appeals his sentence, arguing the ACCA does not apply because his drug convictions were not separate offenses and his conviction for assault and battery with a dangerous weapon is not a violent felony. He also argues the ACCA is unconstitutionally vague and using it to enhance his sentence violated his right to due process.

We conclude (1) Mr. Brown's drug convictions were separate offenses; (2) his conviction for assault and battery with a dangerous weapon qualifies as a violent felony; and (3) Mr. Brown has not shown the ACCA is unconstitutionally vague. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 (a), we therefore affirm his sentence.

## 1. Separate drug offenses

Mr. Brown's prior drug convictions stem from two incidents in May of 1997. He sold $50 worth of crack cocaine to a confidential informant, and then, 15 days later, sold $100 worth of the same drug to the same informant in essentially the same place. Mr. Brown was charged in a single information with two counts of unlawful delivery of a controlled drug. He pled guilty to both counts and served concurrent sentences. Mr. Brown argues these offenses were part of the same criminal episode

and should be considered the same offense under the ACCA.[1] We review this question de novo, *see United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012), and conclude Mr. Brown's drug convictions were separate offenses.

As Mr. Brown recognizes, our precedents do not support his argument. As long as "a defendant commits drug offenses at distinct, different times, we will treat those offenses as separate predicate offenses for purposes of § 924(e)(1)." *Id.* (internal quotation marks omitted). This is true even when "the offenses are related by way of charge and conviction, geographically, by mode of operation, by the individuals involved in the illegal activity, by the criminal objectives, and temporally." *Id.* at 1219-20. We have held that drug transactions only days apart were separate offenses under the ACCA. *See United States v. Johnson*, 130 F.3d 1420, 1430-31 (10th Cir. 1997) (drug sales on March 23 and March 26 were separate offenses); *Delossantos*, 680 F.3d at 1218-20 (drug offenses on November 2, November 10, November 16, and November 24 were separate offenses). Although Mr. Brown's drug sales may have been related, they occurred "at distinct, different times," so they are separate offenses under § 924(e)(1). *Delossantos*, 680 F.3d at 1219.

Mr. Brown argues that "convictions arising from repeat sales of controlled substances, the subsequent sales of which are the direct result of the first sale, should be" treated as the same offense. Aplt. Br. at 21. He cites a Fifth Circuit case that

---

[1] There is no dispute the crimes were "serious drug offense[s]" under 18 U.S.C. § 924(e)(2)(A).

used similar reasoning to conclude a defendant's two prior convictions were related and therefore should be considered a single conviction under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1 (U.S. Sentencing Comm'n). *See United States v. Robinson*, 187 F.3d 516, 520 (5th Cir. 1999). But we have rejected this analysis when determining whether prior offenses "occurred on the same occasion for purposes of the ACCA." *Delossantos*, 680 F.3d at 1220 n.3 (internal quotation marks omitted).

### 2. Conviction for assault and battery with a dangerous weapon

Mr. Brown argues that his conviction for assault and battery with a dangerous weapon under Okla. Stat. tit. 21 § 645[2] is not a "violent felony" under the ACCA. Reviewing this question de novo, *see United States v. Titties*, 852 F.3d 1257, 1263 (10th Cir. 2017), we reject Mr. Brown's argument.

The ACCA defines "violent felony" as a crime punishable by imprisonment for more than a year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Section 645 provides:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm, air gun, conductive energy weapon or other means whatever, with intent to

---

[2] Mr. Brown also was convicted of assault with a dangerous weapon under the same statute, but the two offenses were part of the same criminal episode and the presentence report identified assault and battery with a dangerous weapon as the offense triggering enhancement. *See* R. Vol. II at 13.

injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony . . . .

To determine whether a conviction qualifies as a violent felony, we first ask whether the statute is divisible, meaning it includes multiple alternative elements. *See Titties*, 852 F.3d at 1266. If it is not divisible, we apply the categorical approach to determine whether the crime's elements meet the ACCA's definition of violent felony. *Id*. at 1265. "If some conduct that would be a crime under the statute would not be a violent felony under the ACCA, then any conviction under that statute will not count toward an ACCA enhancement . . . ." *Id*. If the statute is divisible, we use the modified categorical approach to identify the elements the defendant was convicted of violating. *Id*. at 1266. Once we identify the relevant elements, we apply the categorical approach to determine whether the conviction qualifies as a violent felony. *Id*.

We applied this framework to Okla. Stat. tit. 21 § 645 in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016). In that case, we considered whether assault and battery with a dangerous weapon was a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). *Taylor*, 843 F.3d at 1222-24. We concluded the statute was divisible because "it criminalizes an assault, battery, or assault and battery with a sharp or dangerous weapon, and in the alternative it criminalizes shooting at another with a gun or similar means." *Id.* at 1222 (internal quotation marks and brackets omitted). We recognized that the first alternative contains sub-alternatives: "assault, battery, *or* assault and battery, and sharp *or* dangerous weapon." *Id*. (internal quotation

5

marks omitted). Because the statute was divisible, we applied the modified categorical approach to identify the elements the defendant was convicted of violating. *Id*. at 1223. As in this case, the relevant elements were assault and battery with a dangerous weapon. *See id*. We then concluded "a conviction under these elements of § 645 is categorically a crime of violence under all circumstances." *Id*. at 1224 (internal quotation marks and citations omitted).

*Taylor*'s reasoning applies to this case. The definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(1) is nearly identical to the ACCA's definition of "violent felony," so we often consider U.S.S.G. decisions when applying the ACCA. *See United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015). In a recent unpublished decision, we used *Taylor*'s reasoning to conclude the crime of assault and battery with a dangerous weapon under Okla. Stat. tit. 21 § 645 was a violent felony under the ACCA. *United States v. Schubert*, No. 16-6216, 2017 WL 2333588, at *3-4 (10th Cir. May 30, 2017), *see* Fed. R. App. P. 32.1, 10th Cir. R. 32.1 (cited for persuasive value).

We do the same here. Mr. Brown's conviction for assault and battery with a dangerous weapon qualifies as a violent felony under the ACCA.

### 3. Vagueness challenge

Mr. Brown argues the ACCA is unconstitutionally vague because court decisions applying the statute are confusing and sometimes inconsistent, leaving defendants without notice as to whether their prior convictions will subject them to an enhanced sentence. We review this issue de novo, *United States v. Michel*,

6

446 F.3d 1122, 1135 (10th Cir. 2006), and reject Mr. Brown's argument because he has not shown the statute is unconstitutional as applied to his case.

The government violates due process when it takes away a defendant's liberty "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). This is true of statutes defining crimes as well as those fixing sentences. *Id.* at 2257. But when "a vagueness challenge does not implicate First Amendment freedoms, our review is limited to the application of the statute to the particular conduct charged." *Michel*, 446 F.3d at 1135 (internal quotation marks omitted).

Mr. Brown argues ACCA sentence-enhancement law is confusing, but he does not claim it deprived him of fair notice that his convictions would result in an enhanced sentence. Because he makes no effort to show the ACCA is unconstitutionally vague as applied to him, we reject his challenge.

## 4. Conclusion

We affirm Mr. Brown's sentence.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

7