**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY EDMUN JOHNSON,
a/k/a Timothy Edmund Johnson,

    Defendant - Appellant.

No. 17-6228
(D.C. No. 5:16-CR-00239-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH, MURPHY,** and **MORITZ**, Circuit Judges.
_____

This appeal involves a challenge to a sentencing enhancement under

the Armed Career Criminal Act. The sentence enhancement was applied to

Mr. Timothy Johnson after a conviction for possessing a firearm following

a felony conviction. *See* 18 U.S.C. § 922(g). The Armed Career Criminal

Act created a minimum sentence of fifteen years if Mr. Johnson had three

_____

[*]    The parties have not requested oral argument, and we conclude that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Mr. Johnson had multiple felony convictions in his past. Two of them were for distributing cocaine base and possessing cocaine base with intent to distribute. *See* Okla. Stat. tit. 63, § 2-401(A)(1). Mr. Johnson argues that these prior offenses

- did not qualify as serious drug offenses and

- had been committed on the same occasion.

The district court rejected these arguments and sentenced Mr. Johnson to fifteen years in prison. We affirm.

## I.  The prior convictions were for serious drug offenses.

Mr. Johnson first contends that the two prior offenses did not constitute "serious drug offense[s]" under the Armed Career Criminal Act. Classification as a "serious drug offense" involves statutory interpretation, which we review de novo. *United States v. Trent*, 884 F.3d 985, 991 (10th Cir. 2018).

The parties agree that

- the statute of conviction is divisible and

- the modified categorical approach applies.

Under the modified categorical approach, we identify the crimes of conviction and compare the elements of those crimes and their generic

2

counterparts. *United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017).

The Oklahoma crimes were set out in a statute prohibiting individuals from transporting illicit drugs with the intent to distribute them. Okla. Stat. tit. 63, § 2-401(A)(1). The federal definition of a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . ." 18 U.S.C. § 924(e)(2)(A)(ii).

Mr. Johnson contends that the federal definition of "serious drug offense" does not encompass the transportation of drugs. We disagree. It is true that the federal definition does not include the word "transportation." But the federal definition does use the term "possessing," and "the transportation of drugs necessarily implies their possession." *United States v. Svacina*, 137 F.3d 1179, 1182 n.1 (10th Cir. 1998); *see also United States v. Karam*, 496 F.3d 1157, 1167 (10th Cir. 2007) ("Nor can there be any dispute that . . . [transporting] drugs intended for sale by the defendant . . . involve[s] possession with intent to distribute . . . .").

Mr. Johnson relies on *United States v. McKibbon*, 878 F.3d 967 (10th Cir. 2017), and *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017). In these opinions, we applied the sentencing guidelines' definition of a controlled-substance offense, holding that this definition did not cover offers to sell drugs. *McKibbon*, 878 F.3d at 972-73; *Madkins*, 866 F.3d at

3

1145, 1147-48. But the Oklahoma statute does not include offers to sell. This difference matters: Someone can offer to sell drugs without being guilty of an attempted sale,[1] but it is impossible to transport drugs without possessing them. *McKibbon* and *Madkins* involved statutes of conviction broader than their guideline counterparts; here, however, the statute of conviction is *not* broader than its counterpart in the Armed Career Criminal Act. In light of this difference, *McKibbon* and *Madkins* lack any bearing on the present issue.

We therefore conclude that

- transportation of drugs with intent to distribute is a crime "involving . . . possessing with intent to manufacture or distribute" and

- the Oklahoma crime does not extend beyond the federal definition of a "serious drug offense."

## II. Mr. Johnson's prior convictions were for distinct offenses.

Mr. Johnson also contends that the two prior offenses were committed on the same occasion. This contention is based on the Armed Career Criminal Act, which counts prior convictions only if the underlying crimes were committed on different occasions. 18 U.S.C. § 924(e)(1).

In reviewing this contention, we engage in de novo review. *United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012). This review

---

[1]  *See Madkins*, 866 F.3d at 1147 ("[B]ecause a person can offer a controlled substance for sale without having the intent to actually complete the sale, a conviction for an offer to sell can be broader than a conviction for an attempt to sell.").

4

calls for us to consider how the two offenses unfolded. One afternoon, at about 4:20 p.m., an undercover investigator met with Mr. Johnson and asked to buy an ounce of crack cocaine. Mr. Johnson did not have an ounce, but he did have three grams and sold them to the investigator. Mr. Johnson also told the investigator how much an ounce would cost and agreed to call when a full ounce became available. The sale of three grams led to Mr. Johnson's conviction for distributing cocaine base.

The next day, at 7:15 p.m., officers found thirteen grams of cocaine base in Mr. Johnson's vehicle. Discovery of the drugs led to Mr. Johnson's conviction for possessing cocaine base with intent to distribute.

Mr. Johnson argues that these two incidents involved the "continuation of a single drug deal, negotiated at the same time, between the same parties." Appellant's Opening Br. at 24. The two crimes were separated by little more than a day and were related in the sense that Mr. Johnson and the investigator had discussed a future drug purchase during the initial transaction. Nonetheless, the two offenses were distinct.

Two offenses are "committed on occasions different from one another" when they are "committed at distinct, different times." *United States v. Johnson*, 130 F.3d 1420, 1431 (10th Cir. 1997) (internal quotation marks omitted). If the defendant decided to continue with a criminal course of conduct after "a meaningful opportunity" to stop, the crimes will be

5

considered distinct. *United States v. Delossantos*, 680 F.3d 1217, 1220 (10th Cir. 2012).

The crimes remain distinct even when the incidents take place in a short time span. For example, in *United States v. Delossantos*, we approved of a Fourth Circuit opinion holding that two sales of crack cocaine were distinct even though they had involved the same buyer at the same location within a two-hour time span. *See id.* (discussing *United States v. Letterlough*, 63 F.3d 332, 334, 337 (4th Cir. 1995)). And we have considered the crimes distinct when a defendant successively burgled three businesses in the same shopping mall on a single night. *United States v. Tisdale*, 921 F.2d 1095, 1098-99 (10th Cir. 1990).

Under these opinions, Mr. Johnson's two prior offenses were distinct because

- they took place at "distinct, different times" and

- Mr. Johnson had "a meaningful opportunity" to stop his criminal course of conduct after selling three grams to the undercover investigator.

*Johnson*, 130 F.3d at 1431 (internal quotation marks omitted); *Delossantos*, 680 F.3d at 1220. The crimes remain distinct even though they had been committed on consecutive days and a future drug sale had been discussed at the first drug transaction. *See United States v. Brown*, 706 F. App'x 474, 476 (10th Cir. 2017) (unpublished) (rejecting the argument that "convictions arising from repeat sales of controlled substances, the

subsequent sales of which are the direct result of the first sale, should be treated as the same offense" (internal quotation marks omitted)). Therefore, Mr. Johnson's two prior offenses were "committed on occasions different from one another" under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1).

## III. Conclusion

We conclude that Mr. Johnson's two prior drug offenses

- were "serious drug offense[s]" and

- took place on different occasions.

18 U.S.C. § 924(e). Accordingly, the district court did not err and we affirm the sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge