NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010
Decided May 25, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3412

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 131-1 |
| GEORGE WATSON-EL, *Defendant-Appellant*. | Charles R. Norgle, Sr. *Judge*. |

## O R D E R

George Watson-El, a felon, pleaded guilty to selling cocaine to an informant and to possessing three firearms (which he received in exchange for the cocaine). *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). For both counts he was sentenced to 15 years' imprisonment (the mandatory minimum for the gun count), with the terms to run concurrently. Watson-El filed a notice of appeal, but his newly appointed counsel now seek to withdraw because they cannot identify any nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), and Watson-El's response, *see* CIR. R. 51(b).

On the eve of trial Watson-El moved for substitute counsel because his appointed lawyer had declined to move for dismissal on the ground of selective prosecution and had not pursued discovery to Watson-El's satisfaction. In refusing to provide a different lawyer, the district court noted that it was counsel's job to decide what arguments to make but added that, at all events, a selective-prosecution challenge to the indictment would have been denied. The court also confirmed that the government had turned over all discoverable material. At that point Watson-El decided to plead guilty, though he reserved the right to argue at sentencing that the drug involved was not crack and that his prior convictions were not for violent felonies.

At sentencing Watson-El's lawyer made an oral motion, at Watson-El's request, for substitute counsel. Watson-El then stated that he distrusted his lawyer, his lawyer would not press the arguments Watson-El wanted, and he did not think they were communicating effectively. In addition Watson-El made his own oral motion, without the support of counsel, to withdraw his guilty pleas on the grounds of innocence and ineffective assistance of counsel. The court denied both motions. The district court found that the allegations about counsel were designed to derail the proceedings, and that there was no basis to set aside the guilty pleas on the ground of innocence because Watson-El had admitted under oath the factual basis for his crimes. The court then adopted the factual findings in the presentence investigation report, including the probation officer's conclusion that the drug sold by Watson-El had been crack. At the hearing Watson-El voiced no objection to this determination of drug type.

In their *Anders* brief, counsel have represented that Watson-El does not want his guilty pleas set aside, yet he contradicts this assertion in his Rule 51(b) response. Watson-El proposes to argue that it was error to deny him leave to withdraw his guilty pleas. We would review that ruling for abuse of discretion, *see United States v. Singleton*, 588 F.3d 497, 500 (7th Cir. 2009), *United States v. Loutos*, 383 F.3d 615, 618 (7th Cir. 2004), but it would be frivolous to challenge the decision. Watson-El made no substantive argument in support of his motion, and indeed he contradicted his claim of innocence by reaffirming that he bartered drugs for guns. Even without this damning presentation, the district court was free to hold Watson-El to the admissions he made when he pleaded guilty. *See United States v. Jones*, 381 F.3d 615, 618-19 (7th Cir. 2004); *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). And as for the assistance that Watson-El received from his former attorney, Watson-El now says in his Rule 51(b) response that counsel never told him that by pleading guilty he would give up his claims of selective prosecution and waive any appellate challenge to the denial of a motion by counsel to have the indictment dismissed for violating his right to a speedy trial. *See United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). But this purported omission was not the theory of ineffective assistance that Watson-El presented to the district court, and so there is no support for it in the record. As is typically the situation, then, Watson-El should pursue a claim of ineffective

assistance, if at all, in a collateral proceeding where the record can be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Watson-El also wants to challenge the denials of his motions for substitute counsel. But by pleading guilty he lost the ability to challenge the first motion. *See United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003); *United States v. Campbell*, 324 F.3d 497, 499 (7th Cir. 2003). And it would be frivolous to argue that it was an abuse of discretion for the district court to deny the second motion after finding that Watson-El was motivated by a desire to forestall the proceedings. A defendant's vague claims of distrust are not a suitable basis for removing one appointed lawyer in favor of another. *See United States v. Woodward*, 291 F.3d 95, 108 (1st Cir. 2002); *United States v. Pointer*, 17 F.3d 1070, 1073 (7th Cir. 1994).

Counsel and Watson-El devote the remainder of their submissions to potential sentencing issues. First they examine whether Watson-El could argue that his prior convictions in Illinois for robbery and attempted armed robbery are not violent felonies and should not have counted toward the requisite three felonies under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(1). But counsel correctly conclude that this potential issue is frivolous because robbery and attempted robbery under Illinois law are violent felonies. *Welch v. United States*, — F.3d —, 2010 WL 1755062, at *1, *16 (7th Cir. May 4, 2010); *United States v. Gregory*, 591 F.3d 964, 967-68 (7th Cir. 2010); *United States v. Woods*, 233 F.3d 482, 485 n.4 (7th Cir. 2000).

Counsel also examine whether Watson-El could argue on appeal that his guidelines range was miscalculated or that his overall prison sentence is unreasonable. But counsel have not found any basis for arguing that the offense level or the criminal-history score are incorrect. And a reasonableness argument would be frivolous because the district court sentenced Watson-El to a total of 15 years, the mandatory minimum for the gun count, *see* 18 U.S.C. § 924(e)(1), and 30 months below the bottom of the guidelines range. *United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009); *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006).

Watson-El wants to challenge the district court's finding that the drug he sold was crack and not powder cocaine. However, the drug type was irrelevant because the 15-year, mandatory minimum of the Armed Career Criminal Act determined the floor for imprisonment, and that is the length of time that Watson-El received.

The motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.