FILED
United States Court of Appeals
Tenth Circuit

May 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ALLAN DOUGLAS SCHUBERT,

     Defendant - Appellant.

No. 16-6216
(D.C. No. 5:16-CR-00005-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **MATHESON**, Circuit Judges.
_____

Allan Schubert pled guilty to possessing a firearm in violation of 18 U.S.C.

§ 922(g)(1).  The district court concluded Mr. Schubert was subject to the Armed

Career Criminal Act ("ACCA") and imposed the statutory minimum sentence of 15

years (180 months).  *See* 18 U.S.C. § 924(e).

Mr. Schubert now appeals his sentence.  He argues he is not subject to the

ACCA because he does not have three qualifying prior convictions necessary to

trigger the mandatory minimum.  Mr. Schubert also argues the ACCA's complexity

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violates his constitutional right to due process.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

In January 2016, a grand jury in the Western District of Oklahoma indicted Mr. Schubert on one charge of possessing a firearm as a felon.  On March 2, 2016, Mr. Schubert pled guilty.

The court ordered a pre-sentence investigation report ("PSR").  The PSR investigated whether Mr. Schubert was subject to the ACCA, which imposes a mandatory minimum sentence of 15 years if a person has three qualifying prior offenses.  *See* 18 U.S.C. § 924(e)(1).  The PSR concluded Mr. Schubert had four qualifying offenses:

1. Armed Robbery,

2. Assault with a Dangerous Weapon,

3. Assault and Battery with a Dangerous Weapon, and

4. Feloniously Pointing a Firearm.

Mr. Schubert objected to the PSR's determination he was subject to the ACCA.

The district court held a sentencing hearing, concluded all four convictions qualified, and overruled Mr. Schubert's objection.  The district court also rejected Mr. Schubert's separate argument that the complexity of the ACCA denied fair warning and violated due process.  It imposed the mandatory minimum ACCA sentence of 15 years.

Mr. Schubert now appeals.

## II.  DISCUSSION

Mr. Schubert raises the same two arguments he presented to the district court. We begin with his argument that he does not have three ACCA-qualifying prior convictions and conclude that, because three of his four convictions qualify, Mr. Schubert is subject to the ACCA.  We next address his argument that the ACCA's complexity violates due process by denying fair warning.  We also reject this argument and accordingly affirm his sentence.

### A. *The ACCA Predicate Felonies*

After discussing the applicable law and our standard of review, we address Mr. Schubert's convictions and conclude he is subject to the ACCA because three of his four prior convictions qualify as violent felonies.

### 1.  **Legal Background**

#### a.  *The ACCA enhancement*

The ACCA imposes a 15-year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions that qualify as either (1) violent felonies or (2) serious drug offenses. *See* 18 U.S.C. § 924(e)(1); *see also United States v. Titties*, 852 F.3d 1257, 1264-65 (10th Cir. 2017).  The Government bears the burden of proving a past offense qualifies as an ACCA predicate.  *Titties*, 852 F.3d at 1264-65.  Here, the Government does not argue Mr. Schubert has any convictions that qualify as serious drug offenses.  Instead, it contends all of Mr. Schubert's potential ACCA predicate offenses fall under the "violent felony" category.

- 3 -

The ACCA defines "violent felony" as follows:

(B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]

18 U.S.C. § 924(e)(2)(B)(i).[1]  In this definition, "'physical force' means *violent force*—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010).[2]

b. *The categorical and modified categorical approaches*

To determine whether a prior conviction qualifies as an ACCA predicate, courts apply the categorical approach by asking "whether the crime's elements satisfy the ACCA's definition of violent felony." *Titties*, 852 F.3d at 1265.  "[I]f some conduct would garner a conviction but would not satisfy the [ACCA] definition[,] then any conviction under that law cannot count as an ACCA predicate." *Id.* at 1266 (quotations omitted).  "This is so even when the defendant's conduct leading to the underlying conviction would satisfy the ACCA's violent felony definition." *Id.*

Courts, however, must sometimes apply the modified categorical approach "when a prior conviction is based on a so-called divisible statute, one that sets out

---

[1] The ACCA's definition of violent felony also includes an "enumerated-offenses clause" and a "residual clause."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court invalidated the residual clause as unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).  Only the force clause, quoted above, is at issue here.

[2] We identify this case as *Curtis Johnson* to distinguish it from the 2015 *Johnson* case cited in footnote three and discussed more below.

one or more elements of the offense in the alternative." *Id.* (quotations omitted). When courts apply the modified categorical approach, they "peer around the statute of conviction" and look at record documents from the defendant's actual case for the limited and exclusive purpose of identifying which of a statute's alternative elements supplied the basis for the defendant's conviction. *Id.* With the elements—not the facts—identified, courts then apply the categorical approach. *Id.* at 1266-67.

Because "[a] statute is divisible only if it sets out one or more *elements* of the offense in the alternative," courts must determine whether a disjunctively phrased statute lists alternative elements or alternative means. *Id.* at 1267 (quotations omitted). "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Id.* (quotations omitted). "By contrast, means are various factual ways of committing some component of the offense." *Id.* (quotations omitted).

In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court held that, when applying the ACCA, federal courts examining state statutes framed in the alternative should first decide the means/elements question by looking to (1) the text of the state law, (2) state court decisions, and (3) the record of the prior conviction itself. *See id.* at 2256-57.[3]

---

[3] Any examination of the record at this stage is not an application of the modified categorical approach. Rather, this "peek" at the record only helps answer the means/elements question, which in turn answers whether the modified categorical approach should be used at all. *See Titties*, 852 F.3d at 1268 n.10.

2. **Standard of Review**

"Whether a prior conviction satisfies the ACCA's violent felony definition is a legal question we review de novo." *Titties*, 852 F.3d at 1263.

3. **Analysis**

We conclude Mr. Schubert has three qualifying convictions and is thus subject to the ACCA.

The district court ruled Mr. Schubert had four qualifying convictions. Mr. Schubert does not dispute that his armed robbery conviction qualifies as a violent felony. That leaves three offenses: (1) assault with a dangerous weapon, (2) assault and battery with a dangerous weapon, and (3) feloniously pointing a firearm. If two of these three offenses qualify, Mr. Schubert is subject to the ACCA.

These three convictions arise under just two Oklahoma statutes, Okla. Stat. tit. 21 § 645 and § 1289.16. We conclude the first two offenses, both arising under § 645, qualify as violent felonies. When these two convictions are counted along with the armed robbery conviction, which Mr. Schubert concedes qualifies as an ACCA predicate, he has the necessary three convictions. We agree with him that his firearm pointing conviction under § 1289.16 does not qualify. We discuss Mr. Schubert's convictions under § 645 and § 1289.16 in turn.

a. *Okla. Stat. tit. 21 § 645*

The statute provides:

Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or

who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony . . . .

Okla. Stat. tit. 21 § 645 (2001).[4] Mr. Schubert was convicted of two different crimes under this statute: (1) assault with a dangerous weapon and (2) assault and battery with a dangerous weapon. Under our precedent, both qualify as ACCA violent felonies.

We addressed § 645 in an unpublished decision, *United States v. Mitchell*, 653 F. App'x 639 (10th Cir. 2016),[5] and we applied and "reaffirm[ed]" *Mitchell* in a published opinion, *United States v. Taylor*, 843 F.3d 1215, 1222 (10th Cir. 2016).[6]

In *Mitchell* and *Taylor*, we held § 645 is divisible and therefore subject to the modified categorical approach. *Taylor*, 843 F.3d at 1222-23 (citing *Mitchell*, 653 F. App'x at 643). The statute "criminalizes [1] an assault, battery, or assault and battery with a sharp or dangerous weapon, and in the alternative it criminalizes [2] shooting

---

[4] "Our analysis is limited to the version of the statute in effect at the time of the Defendants' conduct." *United States v. Sturm*, 672 F.3d 891, 897 n.5 (10th Cir. 2012) (en banc).

[5] We cite unpublished cases in this order only for their persuasive value. *See* Fed. R. App. P. 32.1, 10th Cir. R. 32.1.

[6] *Mitchell* and *Taylor* considered whether offenses under § 645 qualify as "crimes of violence" under Section 4B1.2(a)(1) of the Sentencing Guidelines. That provision and the ACCA's definition of "violent felony" are virtually identical, and we frequently look to decisions considering one when applying the other. *See, e.g.*, *United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015); *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010).

at another with a gun or similar means." *Id.* at 1222 (alterations and quotations omitted).

*Mitchell* and *Taylor* both addressed offenses under the first alternative. *See Mitchell*, 653 F. App'x at 643; *Taylor*, 843 F.3d at 1223. Because Mr. Schubert's two offenses—assault with a dangerous weapon and assault and battery with a dangerous weapon—both come under the first alternative, we confine our discussion to that portion of § 645.

The first alternative is itself divisible. We have said it "further contains the sub-alternatives of 'assault, battery, *or* assault and battery,' and 'sharp *or* dangerous weapon.'" *Taylor*, 843 F.3d at 1222 (quotations omitted).

These alternatives make the definitions of assault and battery important. Battery, under Oklahoma law, can be accomplished with "only the slightest force or touching." *See Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989). Because such slight force suffices for a conviction, Oklahoma battery does not qualify as a violent felony under the ACCA definition applicable here. *See United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011).

Oklahoma defines assault as "any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another." Okla. Stat. tit. 21 § 641. Under Oklahoma law, an assault can occur either through (1) an attempted battery or (2) a "threatened imminent battery (i.e., an 'offer') with an overt act beyond mere words," which we have called "apprehension-causing assault." *Mitchell*, 653 F. App'x at 644 & n.4.

We have held that either form of assault under § 645 qualifies as a violent felony because the statute, besides requiring proof of assault, also contains the dangerous weapon element. *Id.* at 645; *Taylor*, 843 F.3d at 1224. Thus, assaults under § 645 categorically require proof of the attempted use or threatened use of violent force and therefore satisfy the ACCA's definition of violent felony. *See Taylor*, 843 F.3d at 1224 (quoting *Mitchell*, 653 F. App'x at 645).

Together, *Mitchell* and *Taylor* establish that both of Mr. Schubert's § 645 offenses qualify as violent felonies under the ACCA. We concluded assault with a dangerous weapon, Mr. Schubert's first conviction, qualified in *Mitchell*. *See* 653 F. App'x at 643-45. And *Taylor* held that assault and battery with a dangerous weapon, his second conviction, qualified as well. *See* 843 F.3d at 1223-24.

Mr. Schubert raises two counterarguments that his § 645 convictions do not qualify as ACCA violent felonies, but neither is persuasive.

First, he contends our unpublished *Mitchell* opinion did not cite or address the Supreme Court's *Mathis* decision. He contends *Mitchell*'s conclusion that § 645 is divisible is untenable in light of *Mathis*'s requirement that courts observe the distinction between means and elements. We reject this argument because *Taylor* later addressed the role of *Mathis* and held firm to *Mitchell*'s result. *See Taylor*, 843 F.3d at 1222-24.

Second, he argues § 645 is not categorically a violent felony because one alternative—battery with a dangerous weapon—can be nonviolent under the ACCA. We reject this argument as well because our precedent establishes that § 645 is

- 9 -

divisible between "assault, battery, *or* assault and battery," and here Mr. Schubert was not convicted of the battery alternative. *Taylor*, 843 F.3d at 1222-23 (quotations omitted).

b. *Okla. Stat. tit. 21 § 1289.16*

Mr. Schubert argues his conviction for feloniously pointing a firearm under § 1289.16 does not qualify as a violent felony.[7] We agree and recently held as much in another case. *See Titties*, 852 F.3d at 1272.

c. *Mr. Schubert has three ACCA predicate offenses*

Mr. Schubert qualifies for an ACCA-enhanced sentence because his two § 645 convictions and his armed robbery conviction supply the requisite three qualifying convictions. Because Mr. Schubert is subject to the ACCA, we reach his constitutional argument that application of the ACCA violates due process.

B. *Due Process*

We discuss the law applicable to Mr. Schubert's challenge and conclude that applying the ACCA in this case does not violate his constitutional due process rights.

---

[7] The statute provides:

> It shall be unlawful for any person to willfully or without lawful cause point a shotgun, rifle or pistol, or any deadly weapon, whether loaded or not, at any person or persons for the purpose of threatening or with the intention of discharging the firearm or with any malice or for any purpose of injuring, either through physical injury or mental or emotional intimidation or for purposes of whimsy, humor or prank, or in anger or otherwise . . . .

Okla. Stat. tit. 21 § 1289.16 (2006).

1. **Legal Background**

The Fifth Amendment provides no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The government violates due process when it takes away someone's liberty "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). Due process protections apply not only to substantive criminal laws making certain conduct illegal "but also to statutes fixing sentences." *Id.* at 2557; *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996) ("Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose.").

Vague statutory language can deprive a person of "the right to fair warning," *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001), but there is fair warning if a "person of ordinary intelligence" has "a reasonable opportunity to know what is prohibited," *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). *See also United States v. Michel*, 446 F.3d 1122, 1135 (10th Cir. 2006).

*Johnson* is especially relevant here. 135 S. Ct. 2551. There, the Supreme Court examined a part of the ACCA's "violent felony" definition—the so-called

- 11 -

"residual clause,"[8] which is not at issue here—and held it was void for vagueness. *Id.* at 2556-57. *Johnson* identified two features that made the residual clause unconstitutionally vague. First, it left "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 2557. Second, it left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. The Court in *Johnson* was careful to note that its decision "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony." *Id.* at 2563.

## 2. **Standard of Review**

We review de novo the question whether a defendant's due process rights were violated. *United States v. Robinson*, 583 F.3d 1265, 1269 (10th Cir. 2009).

## 3. **Analysis**

Mr. Schubert argues that even though the residual clause has been excised from the ACCA, "the same unpredictable, inconsistent, and unfair application" continues. Aplt. Br. at 13. His critique is not aimed at the part of the "violent felony" definition we apply here. Instead, Mr. Schubert ventures beyond the text and takes aim at the "convoluted legal inquiry," referring to the categorical and modified categorical approaches, courts use to decide whether a prior offense fits this definition. Aplt. Reply Br. at 1.

The complexity of this analysis, he argues, deprives him of fair warning and thus causes the ACCA to be unconstitutionally vague. He contends "courts continue

---

[8] The residual clause provides that a prior offense counts as a "violent felony" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

to struggle" in sorting which crimes qualify under the ACCA from those that do not. Aplt. Br. at 10. Surveying the Supreme Court's categorical and modified categorical cases dating back to *Taylor v. United States*, 495 U.S. 575 (1990), Mr. Schubert argues that the law for classifying ACCA predicates is marked by "confusion" in both "methodology and practical application." Aplt. Br. at 12. Because the courts of appeals sometimes divide and because the Supreme Court's decisions in this area are not always unanimous—he points to the 5-3 split in *Mathis*, 136 S. Ct. 2243, as the most recent example—he argues "an ordinary person cannot be expected to have fair notice of the ACCA's meaning." Aplt. Br. at 13.

The Government's response does not directly answer Mr. Schubert's challenge. Instead, it notes that *Johnson* said the non-residual-clause portions of the ACCA remain valid. *See* Aplee. Br. at 6 (citing *Johnson*, 135 S. Ct. at 2563). The Government argues the Supreme Court's analysis of the residual clause found it to be vague by *contrasting* it with the other parts of the ACCA. *See* Aplee. Br. at 6-9 (citing *Johnson*, 135 S. Ct. at 2557).

As an initial matter, we agree with the Government that *Johnson* did not, apart from the residual clause, disturb the ACCA's definition of violent felony. That is, the violent felony definition we apply here, 18 U.S.C. § 924(e)(2)(B)(i), does not deny fair warning to people of ordinary intelligence.

As for Mr. Schubert's argument that the categorical and modified categorical approaches make the ACCA unconstitutionally vague, he provides no explanation or support for his position that disagreement among circuit courts or members of the

- 13 -

Supreme Court as to particular applications of the ACCA is sufficient to render the entire scheme unconstitutionally vague. We decline to upend the categorical and modified categorical approaches, which the Supreme Court has applied for more than a quarter century, especially when they were recently reconfirmed in *Mathis*. *See* 136 S. Ct. at 2257 ("Some have raised concerns about this line of decisions, and suggested to Congress that it reconsider how ACCA is written. But whether for good or for ill, the elements-based approach remains the law." (citations omitted)).

To the extent Mr. Schubert argues there can be no fair warning where judicial decisions conflict over whether a given statute qualifies as an ACCA predicate, he has failed to show that courts have come to contrary conclusions with respect to the statutes under which he was convicted. *See United States v. Graham*, 305 F.3d 1094, 1105 (10th Cir. 2002) (explaining vagueness challenges not implicating First Amendment interests must be brought as applied); *accord Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010).

We therefore reject Mr. Schubert's argument that application of the ACCA in his case violates due process.

## III. **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 14 -