FILED
United States Court of Appeals
Tenth Circuit

December 10, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLAN DOUGLAS SCHUBERT,

    Defendant - Appellant.

No. 19-6059
(D.C. Nos. 5:18-CV-00642-F &
5:16-CR-00005-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **EID**, Circuit Judges.
_____

Allan Schubert, appearing pro se,[1] seeks a certificate of appealability (COA) under

28 U.S.C. § 2253(c) to contest the district court's denial of his motion to vacate under

28 U.S.C. § 2255.  Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and

dismiss this matter.

**BACKGROUND**

In 2016, Schubert pleaded guilty to possession of a firearm by a felon in violation

of 18 U.S.C. § 922(g)(1).  The district court concluded Schubert had four prior violent

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Schubert is pro se, we construe his filings liberally but do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

convictions for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e): (1) armed robbery in Illinois, to which he pleaded guilty in 1993; (2) assault with a dangerous weapon in Oklahoma, to which he pleaded guilty in 2002; (3) assault and battery in Oklahoma, to which he pleaded guilty in 2002; and (4) feloniously pointing a firearm in Oklahoma, to which he pleaded guilty in 2007.  Because Schubert had at least three qualifying offenses under the ACCA, the court imposed the mandatory minimum of 180 months' imprisonment.

On appeal, Schubert declined to contest his prior Illinois conviction but argued his three prior Oklahoma convictions were not qualifying offenses under the ACCA.  *United States v. Schubert*, 694 F. App'x 641, 645 (10th Cir. 2017).  We agreed the conviction for feloniously pointing a firearm was not a qualifying offense, but we rejected his challenge to the two other Oklahoma convictions, which, combined with his Illinois conviction, left him with three qualifying offenses.  *Id.* at 645-47.  Accordingly, we held his sentence was properly enhanced under the ACCA, *id.* at 647, and we affirmed the judgment, *id.* at 649.

Thereafter, Schubert filed his § 2255 motion, claiming:  (1) he received ineffective assistance of counsel;[2] (2) his guilty plea was invalid; (3) the government failed to carry its burden of proving the prior convictions, and this court, on direct appeal, failed to

---

[2] Specifically, Schubert alleged his attorney failed to: (1) object to the Illinois conviction as a qualifying prior offense; (2) move to suppress the firearm; (3) determine whether the Oklahoma convictions in 2002 were "non-violent charges" based on a plea agreement; (4) pursue mitigating circumstances; (5) pursue a favorable plea bargain; (6) disclose the option of a separate determination of guilt and sentencing; and (7) argue the indictment failed to reference 18 U.S.C. § 924(e) or the potential punishment.  He also alleged cumulative ineffective assistance.  Schubert later withdrew his allegation that his attorney failed to pursue a favorable plea bargain.

conduct plain error review to determine whether the Illinois conviction was a qualifying offense; (4) his sentence was unreasonable; (5) the district court lacked jurisdiction to sentence him under the ACCA; (6) the ACCA was an unconstitutional bill of attainder; and (7) the ACCA was an unconstitutional ex post facto law. After finding the first four claims were without merit and the final three claims were procedurally defaulted, the district court denied the § 2255 motion and denied a COA.

## DISCUSSION

### I. Standard of Review

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To obtain a COA, Schubert must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For his claims denied on the merits, he must show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And for his claims denied as procedurally defaulted, he must show reasonable jurists "would find it debatable" both (1) "whether the petition states a valid claim of the denial of a constitutional right"; and (2) "whether the district court was correct in its procedural ruling." *Id.*

### II. Analysis

#### A. Abandoned Claims

In his opening brief, Schubert failed to address: (1) any of the bases for his claim of ineffective assistance of counsel except for his contention that his attorney failed to

3

challenge the Illinois conviction as a qualifying offense under the ACCA; (2) his claim that his guilty plea was invalid; and (3) his contention that we should have conducted plain error review on direct appeal to determine whether the Illinois conviction was a qualifying offense. We decline to address these issues. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (declining to address a claim raised in a § 2255 motion that was not included in the COA application or brief to this court); *see also Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (noting that "[a]rguments not clearly made in a party's opening brief are deemed waived" and that this applies even to pro se litigants who "are entitled to liberal construction of their filings").

### B. Claims Denied on the Merits

### i. Whether Schubert Received Ineffective Assistance of Counsel

Schubert contends his counsel was constitutionally ineffective because he failed to object to the Illinois conviction as a qualifying offense under the ACCA. For this claim, he must show: (1) "his counsel's representation fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for the counsel's error, the result of the proceeding would have been different." *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (internal quotation marks omitted). The district court found Schubert failed to show either deficient performance or prejudice.

Schubert first contends the record does not identify the statute or the elements of the Illinois offense, "which the court needs to make a determination" under the ACCA. Aplt. Opening Br. at 4. But at sentencing, Schubert's counsel explained he was not objecting to the Illinois conviction because of "circuit cases that ha[d] actually analyzed

4

*that statute* and [found] that they [did] qualify for purposes of the [ACCA]." R. Vol. 1 at 60 (emphasis added). And in an affidavit filed in the § 2255 proceeding, Schubert's counsel clarified: (1) he requested and obtained records regarding the Illinois conviction; (2) those records cited the statute as "paragraph 18-2(a), Chapter 38, Illinois Revised Statutes"; and (3) he reviewed that statute and "the elements" listed for armed robbery. *Id.* at 165-66.[3]

Although Schubert insists his "conviction was for 'Strong Arm Robbery' and not Armed Robbery or plain robbery," Aplt. Opening Br. at 3, he has offered only conclusory statements and no factual support for this assertion. The record, on the other hand, shows that both his attorney and the prosecutor referred to the conviction as "armed robbery." R. Vol. 1 at 28, 41. The Presentence Investigation Report (PSR), adopted by the district court, identified the offense as "Armed Robbery" in addition to providing the case number and summarizing the facts from the charging document, R. Vol. 2 at 32. And despite personally addressing the court during the sentencing hearing, Schubert never disputed the characterization of the Illinois offense as an armed robbery. Moreover, although he insists "[t]he statutory elements" of "strong arm robbery" are different from those of robbery or armed robbery, Aplt. Opening Br. at 3, the Illinois statutes in effect when he committed his offense in 1992 provided for the offenses of robbery and armed robbery, with no mention of "strong arm robbery." *See* Ill. Rev. Stat. 1991, ch. 38, ¶ 18-1(a) ("A person commits robbery when he takes property from the person or

---

[3] The statutes for robbery and armed robbery have been re-codified at 720 Ill. Comp. Stat. 5/18-1 and -2, respectively.

presence of another by the use of force or by threatening the imminent use of force."); *id.* ¶ 18-2(a) ("A person commits armed robbery when he or she violates Section 18-1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon.").

Finally, Schubert challenges the case law cited by both the district court and his attorney for the proposition that the Illinois conviction was a qualifying offense under the ACCA. Specifically, Schubert's attorney stated in an affidavit that: (1) prior to deciding whether to challenge the Illinois conviction, he reviewed *United States v. Watson-El*, 376 F. App'x 605, 608 (7th Cir. 2010), which found an argument that "prior convictions in Illinois for robbery . . . are not violent felonies" to be "frivolous"; and (2) he, therefore, "exercise[d] his professional judgment in determining which prior convictions to challenge" and opted not to challenge the Illinois conviction. R. Vol. 1 at 166-67 (internal quotation marks omitted). Schubert's counsel also noted that, shortly after Schubert's sentencing, a district court in *Adams v. United States*, No. 16-1096, 2016 WL 4487835, at *3 (C.D. Ill. Aug. 25, 2016), "ruled armed robbery under Illinois law is a crime of violence for purposes of the [ACCA]." *Id.* at 166.

Based on *Watson-El*, the district court found Schubert's counsel was not deficient in failing to object to the conviction. *See United States v. Holloway*, 939 F.3d 1088, 1103 (10th Cir. 2019) ("To be constitutionally deficient, counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy." (internal quotation marks omitted)). And based on both *Watson-El* and *Adams*, the court found Schubert could not establish prejudice because an

6

objection would have failed. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (noting there can be no prejudice in failing to raise a meritless argument).

Schubert counters that *Watson-El* and *Adams* were decided long after his 1993 conviction and, thus, offer little value "as precedent" for purposes of his conviction. Aplt. Opening Br. at 5. But the prior armed robbery conviction at issue in *Adams* occurred in 1981, *see Adams*, 2016 WL 4487835, at *3, and the defendant in *Watson-El* was convicted of robbery in 1993 and attempted armed robbery in 1997.[4] Moreover, in a recent consolidated appeal addressing robbery convictions spanning four decades, including several contemporaneous with Schubert's conviction, the Seventh Circuit reaffirmed its view that robbery and armed robbery in Illinois are qualifying offenses under the ACCA. *See Klikno v. United States*, 928 F.3d 539, 547-50 (7th Cir. 2019). Accordingly, Schubert has failed to show reasonable jurists would find debatable the district court's ruling on his claim of ineffective assistance of counsel.

### ii. Whether the Government Failed to Prove a Qualifying Offense

Next, Schubert contends the district court erred in denying his claim that the government failed to carry its burden of proving that his Illinois conviction was a qualifying offense under the ACCA and, thus, that he had three prior qualifying offenses

---

[4] Although not stated in the Seventh Circuit's opinion, district court filings in *Watson-El* confirm the dates of these convictions. *See, e.g.*, Def. George Watson-El's, Addition to Att'y's Sent'g Mem. at 31-32, *United States v. Watson-El*, No. 1:04-cr-00131 (N.D. Ill. Aug. 20, 2008), ECF No. 102. It is well-settled that "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

7

for an enhanced sentence. The district court declined the government's request to deem the claim procedurally defaulted but found the claim lacked merit.

Schubert correctly notes the government has the burden of proving "'that an enhancement is appropriate,'" Aplt. Opening Br. at 13-14 (quoting *United States v. Johnson*, 130 F.3d 1420, 1430 (10th Cir. 1997)), and that "'a past offense qualifies as an ACCA predicate,'" *id.* at 14 (quoting *United States v. Titties*, 852 F.3d 1257, 1264-65 (10th Cir. 2017)). However, "[a]bsent an objection to the PSR, the district court may accept any undisputed portion of the presentence report as a finding of fact." *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (internal quotation marks omitted).

Because Schubert did not object to the Illinois conviction, the court was permitted to adopt the PSR's description of the offense. *See id.* And in its order, the district court found that its analysis with respect to Schubert's ineffective-assistance claim applied with equal force to this claim. Schubert has not demonstrated otherwise. Accordingly, he has failed to show reasonable jurists would debate the district court's ruling on this claim.

### iii. Whether the District Court Abused Its Discretion During Sentencing

Schubert next claims that the district court "abused [its] discretion in going outside of the guidelines and imposing a variant sentence, without specifying [its] reasons, without any aggravating circumstances, and without the expression of justification—on the record—for the excessive, i.e., enhanced sentence." Aplt. Opening Br. at 15. The district court declined the government's request to deem this claim procedurally defaulted but nevertheless found the claim lacked merit.

As the court observed, Schubert received "the mandatory minimum," and "[g]iven that the defendant was subject to the ACCA" and "there were no assistance-related considerations for defendant" under 18 U.S.C. § 3553(e), "the court could not have imposed a lower sentence." R. Vol. 1 at 229. Although Schubert "asserts that the sentence of fifteen (15) years for simple possession of a firearm—with nothing more—was unreasonable," Aplt. Opening Br. at 15, there was something more—his three prior qualifying offenses under the ACCA. And to the extent he argues the court failed to state on the record its reasons for imposing the sentence "as was required by the *statute*," *id.* (emphasis added), a COA can be granted only for "a substantial showing of the denial of a *constitutional* right," 28 U.S.C. § 2253(c)(2) (emphasis added), not a statutory claim, *see United States v. Taylor*, 454 F.3d 1075, 1078-79 (10th Cir. 2006). Accordingly, Schubert has failed to satisfy his burden for a COA on this claim.

### iv. Claims Denied as Procedurally Defaulted

Finally, the district court deemed procedurally defaulted Schubert's claims that: (1) the "court was without authority and jurisdiction to impose the aggravated punishment because the potential ACCA punishment was not alleged in the indictment"; (2) the ACCA is an unconstitutional bill of attainder; and (3) the ACCA is an unconstitutional ex post facto law. R. Vol. 1 at 230-31. The court found that Schubert

9

should have raised these issues on direct appeal and that he failed to show either cause and prejudice or a fundamental miscarriage of justice in order to excuse the default.[5]

In his brief, Schubert has repeated the arguments he made below but has failed to address the district court's ruling that the claims were procedurally defaulted.  Schubert, therefore, has not shown that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## CONCLUSION

We deny Schubert's request for a COA and dismiss the matter.  We grant his motion to proceed *in forma pauperis*.

Entered for the Court


Allison H. Eid
Circuit Judge

---

[5] The court alternatively found the jurisdictional claim was without merit based on *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005) (holding "the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury").

10