**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANTONIO DJUAN THOMPSON,

     Defendant - Appellant.

No. 18-6005
(D.C. Nos. 5:16-CV-00593-D and
5:08-CR-00166-D-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Antonio Thompson seeks a Certificate of Appealability ("COA") for review of the federal district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Following the district court's denial of a COA, Mr. Thompson's appointed counsel filed an *Anders* brief and a motion to withdraw. Mr. Thompson filed a response to the *Anders* brief. We have jurisdiction under 28 U.S.C. § 1291. Because Mr. Thompson has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA, and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Previous Proceedings*

Mr. Thompson was convicted after a bench trial of (1) possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1), and (2) possession of marijuana in violation of 21 U.S.C. § 844(a).  Under the Armed Career Criminal Act's ("ACCA") career offender provision, 18 U.S.C. § 924(e), he was sentenced as a career offender to 235 months of imprisonment and three years of supervised release.  The court relied on Mr. Thompson's previous Oklahoma conviction for assault with a dangerous weapon in violation of Okla. Stat. tit. 21, § 645 to enhance his sentence under the ACCA.

Mr. Thompson appealed the denial of his motion to suppress evidence, and this court affirmed.  *United States v. Thompson*, 402 F. App'x 378 (10th Cir. 2010) (unpublished).  The district court denied Mr. Thompson's first § 2255 motion in 2011, and he did not seek a COA.  He filed three more § 2255 motions, one of which was withdrawn and the other two dismissed as unauthorized successive motions.

### B.  *Section 2255* **Johnson** *Motion*

Mr. Thompson sought authorization from this court to file a successive § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the ACCA's residual clause unconstitutionally vague.  *See Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively to cases on collateral review).  We granted authorization and

2

transferred the motion to the district court. The district court appointed counsel for Mr. Thompson.

In his § 2255 motion, Mr. Thompson argued that, in light of *Johnson*, his prior Oklahoma conviction for assault with a dangerous weapon no longer qualified as a violent felony under the ACCA.[1]

The district court denied the § 2255 motion. Citing *United States v. Taylor*, 843 F.3d 1215, 1223-24 (10th Cir. 2016), the court said that a conviction under Okla. Stat. tit. 21, § 645 qualified as a "crime of violence" under the elements clause of the career offender Sentencing Guideline, U.S.S.G. § 4B1.2(a)(1), which is almost identical to the elements clause of the ACCA.[2] It pointed out that *Taylor* cited *United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. 2016) (unpublished), for the proposition that the use of any "dangerous weapon," as required by the Oklahoma assault statute, satisfies the elements clause of § 4B1.2(a)(1).

The district court further relied on *United States v. Schubert*, 694 F. App'x 641 (10th Cir. 2017) (unpublished), which, citing *Taylor* and *Mitchell*, held that an

---

[1] The district court construed Mr. Thompson's argument as a contention that his Oklahoma assault conviction fell within the ACCA's residual clause as opposed to its "elements clause."

[2] The elements clause in U.S.S.G. § 4B1.2(a)(1) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another."

The ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B), defines "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another."

assault with a dangerous weapon conviction under Okla. Stat. tit. 21, § 645 constitutes a "violent felony" under the elements clause of the ACCA.

Based on these cases, the district court held that Mr. Thompson's assault with a dangerous weapon conviction is a violent felony under the elements clause of the ACCA. It rejected Mr. Thompson's argument that *Taylor* erroneously relied on *Mitchell* due to *Mitchell*'s failure to follow *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which the Supreme Court provided guidance on how to analyze whether a conviction is a crime of violence. The court stated: "*Schubert* expressly overruled this precise objection as 'unpersuasive.'" *United States v. Thompson*, 2017 WL 6065233, at *3 (W.D. Okla. Dec. 7, 2017).

Mr. Thompson, through his appointed counsel, filed a notice of appeal. This court approved the continued appointment of counsel in this proceeding. We abated the appeal and directed a limited remand for the district court to decide whether to grant a COA. The district court then denied a COA and we lifted the abatement.

### C. **Anders** *Brief*

Once the abatement was lifted, Mr. Thompson's counsel filed a brief based on *Anders v. California*, which provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly

4

frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. 738, 744 (1967).

The *Anders* brief identifies one potential issue on collateral review: whether Mr. Thompson's Oklahoma conviction for assault with a dangerous weapon qualified as a violent felony under the ACCA. *Anders* Br. at 6-9. Counsel concludes this issue is not meritorious, and seeks our permission to withdraw.

Mr. Thompson filed a pro se response to the *Anders* brief.[3] The Government declined to file a brief.

## II. **DISCUSSION**

### A. *The COA Requirement and the Standard of Review*

A COA is a jurisdictional pre-requisite to our review. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Mr. Thompson makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). We review the district court's factual findings for clear error

---

[3] Because Mr. Thompson is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

## B. *Counsel's* **Anders** *Brief*

The only issue raised in counsel's *Anders* brief is whether Mr. Thompson's Oklahoma conviction for assault with a dangerous weapon qualifies as a violent felony under the ACCA. *Anders* Br. at 6-9. *Taylor* relied on *Mitchell*, and *Mitchell* did not apply *Mathis* to determine whether Okla. Stat. tit. 21, § 645 is divisible. *Id.* at 8-9. But, Mr. Thompson's counsel contends, "given *Mitchell*'s affirmance in *Taylor*, *Boyd*, and *Schubert*, this issue is effectively foreclosed." *Id.* at 9.

## C. *Mr. Thompson's Arguments*

Mr. Thompson, in his pro se filing responding to the *Anders* brief and requesting a COA, attempts to make an ineffective assistance of counsel argument. He contends his appointed attorney failed to request an evidentiary hearing on the § 2255 motion, which "may have allowed the appellant an opportunity to have a Modified Categorical Approach conducted under *Descamps*." Thompson Br. at 4. He argues the district court should have performed a modified categorical analysis on Okla. Stat. tit. 21, § 645 to determine whether his crime qualified as an ACCA predicate under the elements clause. *Id.* at 5-6.[4] Mr. Thompson's ineffective assistance argument fails under *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)

---

[4] Mr. Thompson also appears to argue a due process claim, based on his counsel's failure to "provid[e] the court" with "information in reference to the plea agreement." Aplt. Br. at 6. It is not clear what information Mr. Thompson is referencing, he does not develop the argument further, and it was not presented to the district court.

(holding there is no right to counsel for a § 2255 motion). We will, however, consider whether reasonable jurists could debate the district court's decision on the *Johnson* issue, which is raised in the *Anders* brief.

## D. *Analysis*

We have conducted a full examination of the record, *Anders*, 386 U.S. at 744, and agree with Mr. Thompson's appointed counsel that there are no non-frivolous appeal issues.

The district court correctly concluded under this court's precedent that Mr. Thompson's previous conviction for assault with a dangerous weapon qualified as a violent felony under the ACCA. Its denial of Mr. Thompson's § 2255 motion is not reasonably debatable. *Slack*, 529 U.S. at 484.

We held in *Taylor* that assault with a dangerous weapon under Okla. Stat. tit. 21, § 645 is a "crime of violence" under Section 4B1.2(a)(1) of the Sentencing Guidelines, *Taylor*, 843 F.3d at 1224-25, which is virtually identical to the ACCA's definition of "violent felony." *See United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010) ("Although [a previous case] involved the ACCA's characterization of a prior offense as a 'violent felony,' while this case involves the Guidelines' definition of a 'crime of violence,' the nearly identical language in those two provisions allows us to consider precedent involving one in construing the other."). *Taylor* cited *Mitchell* and used some of its reasoning, but the *Taylor* court independently performed a modified categorical analysis on the statute in light of

7

*Mathis*, and concluded *Mitchell*'s holding was consistent with *Mathis*. *Id.* at 1222-24.

In *Schubert*, an unpublished case, we concluded assault with a dangerous weapon under Okla. Stat. tit. 21, § 645 is a "violent felony" under the ACCA, citing *Mitchell* and *Taylor*. 694 F. App'x at 646. We also rejected the argument that *Taylor* erroneously relied on *Mitchell*, explaining that *Taylor* applied *Mathis*. *Id.* *Schubert*'s application of *Taylor* to the ACCA "violent felony" definition is persuasive.[5] "Because of the similarity in language between the ACCA and the USSG, we have occasionally looked to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony." *United States v. Hernandez*, 568 F.3d 827, 830 (10th Cir. 2009). Given our holding in *Taylor*, the district court's denial of Mr. Thompson's § 2255 motion is not reasonably debatable.[6]

---

[5] We rely on *Schubert*, an unpublished case, for its persuasive value. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[6] *Taylor* and *Schubert* performed the "modified categorical analysis" on 21 Okla. Stat. § 645 that Mr. Thompson requests here.

## III.  **CONCLUSION**

Mr. Thompson has failed to make a sufficient showing that he is entitled to a COA.  Accordingly, we grant counsel's motion to withdraw, deny a COA, and dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge